WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United Van Lines, L.L.C., | No. CV-07-1886-PHX-LOA |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Susan Dunkin, | |
| Defendant. | |

       This matter arises upon the Court's review of the file.  Plaintiff consented in writing to magistrate judge jurisdiction on October 18, 2007 pursuant to 28 U.S.C. § 636(c). (docket #7)   To date, Defendant Susan Dunkin has not appeared in this action through counsel or otherwise.

       On October 2, 2007, Plaintiff filed its Complaint in this District Court, seeking a judicial declaration of the rights and liabilities of the parties pursuant to the Carmack Amendment as a result of the transportation of Defendant's household goods from Greenwich, Connecticut through interstate commerce to Scottsdale, Arizona on or about February 14, 2006. (docket # 1)  Defendant Susan Dunkin was purportedly served with the Summons and Complaint on November 18, 2007. (docket # 8) On January 10, 2008 and due to Defendant's failure to timely answer or otherwise respond to its Complaint, Plaintiff filed its Request to Enter Defendant's Default.  (docket # 9)   The Clerk entered Defendant's

1 default the next day pursuant to Rule 55(a), FED.R.CIV.P. There has been no activity in the
2 file since January 11, 2008.

3 This Court presumptively concludes that Plaintiff has asserted a claim arising
4 under federal law, the Carmack Amendment, and the existence of the $10,000 jurisdictional
5 minimum. (docket # 1, ¶ 5) Moreover, the Declaratory Judgment Act authorizes the Court
6 to "declare the rights and other legal relations of any interested party seeking such
7 declaration" when there is an "actual controversy." 28 U.S.C. § 2201(a). Therefore, the
8 Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 2201(a).

9 Pursuant to the Carmack Amendment to the Interstate Commerce Act, 49
10 U.S.C. §§ 14706 *et seq.*, a common carrier, such as Plaintiff, transporting goods via interstate
11 commerce from one state to another may limit its liability for loss or damage for the item
12 being shipped. The Ninth Circuit has described the Carmack Amendment as providing "a
13 uniform national liability policy for interstate carriers." *Hall v. North American Van Lines,*
14 *Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). The Carmack Amendment is the exclusive cause of
15 action for interstate-shipping contract claims alleging loss or damage to property. *Id.*; *Adams*
16 *Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (Carmack covers "the subject of the
17 liability of the carrier under a bill of lading . . . so completely that there can be no rational
18 doubt but that Congress intended to take possession of the subject, and supersede all state
19 regulation with reference to it").

20 Plaintiff has failed to file an application for a default hearing pursuant to Rule
21 55(b) or take any other known action since January 10, 2008, nearly two months ago.

22 Rule 41(b), FED.R.CIV.P., specifically provides that the failure of a plaintiff to
23 prosecute his claim is grounds for involuntary dismissal of the action. *Anderson v. Air West,*
24 *Inc.*, 542 F.2d at 524. The courts have read this rule to require prosecution with "reasonable
25 diligence" if a plaintiff is to avoid dismissal. *Id.* (citing *Ballew v. Southern Pacific Co.*, 428
26 F.2d 787 (9th Cir. 1970)). Dismissal of a complaint for failure to comply with the procedural
27 rules of the court is within the court's discretion. *Original Ballet Russe, Ltd. v. Ballet*
28 *Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943); *Sergio Bautista et al. v. Los Angeles County*,

1  216 F.3rd 837 (9th Cir. 2000). Moreover, district courts have the inherent power to control
2  their dockets and, in the exercise of that power, may impose sanctions including, where
3  appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A
4  dismissal for want of prosecution under Rule 41(b) will stand unless it is an abuse of
5  discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Anderson v. Air West, Inc.*, 542
6  F.2d 522, 524 (9th Cir. 1976).

Accordingly,

**IT IS ORDERED** that Plaintiff show cause in writing **on or before Monday, March 17, 2008** why its Complaint against Defendant should not be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b), FED.R.CIV.P. Plaintiff may discharge this OSC by either filing an application for a default hearing pursuant to Rule 55(b) or filing a status report demonstrating that good cause exists not to dismiss this lawsuit for failure to prosecute with reasonable diligence. Settlement negotiations do not constitute good cause.

DATED this 29th day of February, 2008.

Lawrence O. Anderson
United States Magistrate Judge

- 3 -