**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United Van Lines, L.L.C., | ) | No. CV-07-1886-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Susan Dunkin, | ) | |
| Defendant. | ) | |

This matter arises on Defendant's *pro se* Motion to Set Aside Entry of Default, filed on April 18, 2008. (docket # 18 and # 19)

Defendant contends, among others, that "she did not receive notice [service of process] within the time period necessary to file a response. Instead of personally serving Defendant, the process server delivered the Summons and Complaint to Defendant's grassy front yard. The Summons and Complaint were deposited onto the ground so as to be overlooked by a passerby, namely Defendant. The process server never rang the doorbell, telephoned Defendant or otherwise notified Defendant of the service. . . ." (docket # 19 at 4) Thus, Defendant essentially claims that the process server intentionally failed to serve Defendant which allegations are neither verified nor set forth in affidavit format. Defendant gives no dates when she first discovered the Summons and Complaint, the name of the visitor who discovered the Summons and Complaint "lying in the front yard," or any of the other factual particulars of her claims. Moreover, Defendant's allegations are in direct conflict

1  with process server Suzanne Evans' declaration under oath on the Return of Service that she
2  personally served Defendant on November 18, 2007 at 7:05 a.m. (docket # 8 at 1)

3  It is improper to enter default, much less judgment, against any defendant who
4  was not properly served with the complaint and summons. *Veeck v. Commodity Enterprises,*
5  *Inc.*, 487 F.2d 423, 426 (9th Cir.1973) (citation omitted). Insufficient service of process
6  renders a judgment void as the Court lacks personal jurisdiction in such a situation and
7  therefore it has no power to render a judgment. Such a procedural defect is clearly "good
8  cause" to set aside an entry of default under Rule 55(c), FED.R.CIV.P.  A signed and verified
9  return of service, however, constitutes *prima facie* evidence of valid service, *O'Brien v. R.J.*
10 *O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993) (quoting *Hicklin v. Edwards*,
11 226 F.2d 410, 414 (8th Cir. 1955)), which "can be overcome only by strong and convincing
12 evidence." *Hicklin*, 226 F.2d at 414.

13 If the pleadings and affidavits raise issues of credibility or disputed questions
14 of fact with regard to jurisdiction, the district court has the discretion whether to take
15 evidence at an evidentiary hearing in order to resolve the contested factual issues. *Data Disc,*
16 *Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citation omitted); *Okehi*
17 *v. Security Bank of Bibb County*, 199 F.R.D. 388, 390 (M.D.Ga. 2001). The Court, however,
18 is not required to credit a defendant's conclusory allegations. *Panda Brandywine Corp. v.*
19 *Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). A court district may permit
20 discovery to aid in determining whether it has in personam jurisdiction. *Wells Fargo & Co.*
21 *v. Wells Fargo Express Co.*, 556 F.2d 406, at 430 n. 24 (9th Cir. 1977).

22 Now that Defendant has appeared in this lawsuit, she shall timely consent to
23 proceed before a magistrate judge or elect to have this case assigned to a district judge. Any
24 party is free to withhold consent to magistrate judge jurisdiction without adverse
25 consequences. Title 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek*
26 *Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the
27 "touchstone of magistrate judge jurisdiction" under 28 U.S.C. §636(c). "A party to a federal
28 civil case has, subject to some exceptions, a constitutional right to proceed before an Article

1  III judge." *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993) (citing *Pacemaker Diagnostic*
2  *Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (*en banc*)).

3  On the Court's own motion,

4  **IT IS ORDERED** that the default judgment hearing before the undersigned
5  currently set for on **Thursday, May 6, 2008 at 10:00 a.m.** is hereby **VACATED**.

6  **IT IS FURTHER ORDERED** that the parties are hereby authorized to engage
7  in discovery solely on the issue of sufficiency of service of process without further order of
8  the Court as good cause exists to permit such limited discovery.

9  **IT IS FURTHER ORDERED** that Defendant Dunkin shall file on or before
10 **Monday, June 2, 2008** her written election to either consent[1] to magistrate judge jurisdiction
11 or elect to have this case assigned to a United States district judge.

12 **IT IS FURTHER ORDERED** that Plaintiff United Van Lines shall file its
13 Response to Defendant's Motion to Set Aside Entry of Default by **5:00 p.m. on Monday,**
14 **May 19, 2008** and Defendant Dunkin shall file her Reply, if any, by **5:00 p.m. on Friday,**
15 **May 30, 2008**.  Absent good cause shown, the failure to timely comply with this briefing
16 schedule may result in a summary adverse ruling on the pending Motion or no consideration
17 to an untimely Reply.

18 DATED this 22nd day of April, 2008.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge

---

[1] The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on"Forms" on the left side of the page and then click on and print the appropriate form.